[Cite as *In re D.J.*, 2026-Ohio-2786.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
STARK COUNTY, OHIO

| | |
|---|---|
| IN THE MATTER OF: D.J. | Case No. 2026CA00055 |
| | Opinion And Judgment Entry |
| | Appeal from the Stark County Court of Common Pleas, Family Court Division, Case No. 2024JCV01116 |
| | Judgment: Affirmed |
| | Date of Judgment Entry: |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** BRANDON J. WALTENBAUGH, for Appellee; DWAYNE JONES, Pro se, Appellant.

*Montgomery, J.*

{¶1} Appellant D.J. (hereinafter "Father") appeals the judgment entered by the Stark County Common Pleas Court, Family Court Division, awarding permanent custody of his biological child D.J. (hereinafter "the Child") to Appellee Stark County Department of Job and Family Services (hereinafter "SCJFS").

## STATEMENT OF THE FACTS AND CASE

{¶2} On September 17, 2024, SCJFS filed a complaint in the trial court alleging the Child and his two siblings were dependent, neglected and/or abused. The trial court found the Child was dependent and awarded temporary custody to SCJFS. At the time the case was filed, Father was believed to be the biological father of all three children. Father was later found not to be the biological father of one of the children, Z.J., and he was dismissed from her case.

{¶3} After Appellant's dismissal from Z.J.'s case, SCJFS filed a motion seeking permanent custody of all three children. The motion was granted by the trial court. The trial court found the Child could not be placed with either parent within a reasonable time. As to Father, the trial court found Father completed a parenting assessment as required by his case plan. As a result of the assessment, Father was to participate in substance abuse treatment to address his marijuana use, participate in counseling to address mental health issues, participate in an intensive parenting program, and maintain employment and appropriate housing. Father moved to Chicago during the pendency of the case and did not submit to drug testing. He did not inform the case worker of any mental health or substance abuse treatment he engaged in after moving and did not sign a release for any service providers in Chicago in order to demonstrate compliance with the case plan. Father showed no evidence of participating in a parenting program in Chicago.

{¶4} Father requested an Interstate Compact on the Placement of Children (hereinafter "ICPC") application. Father had active warrants throughout the case and was not compliant with his case plan. When SCJFS reached out to Illinois about an ICPC, Illinois

responded that Father would be denied an ICPC because of his active warrants and failure to comply with his case plan.

{¶5} Father provided no verification of income. He told the case worker he was working odd jobs in Chicago, and if given custody of his children, he would apply for public assistance.

{¶6} Father was charged with domestic violence against Mother in 2022. The charge was later reduced to misdemeanor assault. Father was ordered by the municipal court to participate in anger management and substance abuse treatment. Father failed to comply, and the municipal court issued a warrant for his arrest. He was arrested and released, but Father was again ordered to participate in treatment. Father again failed to comply, and a second warrant for his arrest was issued. The pattern continued throughout SCJFS's involvement with the family. After moving, Father was unable to travel from Chicago to visit the Child but visited virtually.

{¶7} The trial court also found permanent custody to be in the best interest of the Child. The Child was previously placed in foster care with his two sisters but was removed from the home due to behavior issues. The Child has been diagnosed with Autism level 2. The Child has speech delays and is on a waiting list for occupational therapy. Canton City Schools will review the Child for an IEP to address his anger outbursts and provide behavioral health services. The child is thriving in the foster home and attends preschool daily. The trial court found there was a bond between the Child and Father, and the Child looks forward to both in-person and virtual visits with Father. However, the trial court found the benefits of permanence outweigh the harm caused by severing any bond between the Child and his parents. The trial court granted permanent custody of the Child to SCJFS.

{¶8} It is from the February 17, 2026, judgment of the trial court Father prosecutes his appeal, assigning as error:

{¶9} "I. THE TRIAL COURT VIOLATED R.C. 2151.28 BY CONTINUING ADJUDICATION BEYOND THE STATUTORY TIME LIMITS WITHOUT JOURNALIZED GOOD CAUSE, WHERE THE CONTINUATION WAS BASED ON APPOINTED COUNSEL'S FALSE STATEMENT MADE FIFTEEN DAYS AFTER APPELLANT WAS OFFICIALLY UNSUBSTANTIATED, AND WITHOUT MAKING THE FINDINGS REQUIRED FOR CONTINUATION OF THE CASE."

{¶10} "II. THE TRIAL COURT FAILED TO CONDUCT AN INDIVIDUALIZED ASSESSMENT OF APPELLANT AS A NON-OFFENDING PARENT AND INSTEAD LUMPED APPELLANT INTO THE MOTHER'S HISTORY, CONDUCT, AND HOUSEHOLD CIRCUMSTANCES, CONTRARY TO R.C. 2151.414 AND OHIO DUE-PROCESS PRINCIPLES, AND FAILED TO APPLY COLLATERAL ESTOPPEL BASED ON THE MOTHER'S CRIMINAL CONVICTION FOR CHILD ENDANGERMENT."

{¶11} "III. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO COUNSEL AND DUE PROCESS BY ALLOWING APPOINTED COUNSEL TO WITHDRAW WHILE APPELLANT WAS INCARCERATED AND UNABLE TO APPEAR, DENYING APPELLANT'S MOTION TO REMOVE COUNSEL AND PROCEED PRO SE, AND CONTINUING THE CASE WITHOUT A VALID WAIVER OF COUNSEL, AFTER COUNSEL HAD ALREADY UNDERMINED APPELLANT BY MAKING FALSE STATEMENTS TO THE COURT."

{¶12} "IV. THE PERMANENT-CUSTODY JUDGMENT IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE UNDER R.C. 2151.414, BECAUSE THE RECORD DOES NOT ESTABLISH A LAWFUL NEXUS BETWEEN APPELLANT AND ANY CONDITION REQUIRING STATE INTERVENTION, AND THE COURT RELIED ON INACCURATE, INCOMPLETE, OR MISCHARACTERIZED EVIDENCE."

{¶13} "V. THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S CIV.R. 60(B) MOTION FOR FRAUD AND NEWLY DISCOVERED EVIDENCE ON RES JUDICATA GROUNDS WITHOUT REACHING THE MERITS OR CONDUCTING AN EVIDENTIARY HEARING."

**I., II.**

{¶14} In his first assignment of error, Father argues the trial court did not timely conduct an adjudicatory hearing on its initial finding of dependency. In his second assignment of error, Father argues the trial court erred in considering evidence of Mother's

drug use against him in finding the Child to be dependent. Because both assignments of error address the initial grant of temporary custody to SCJFS upon the trial court's adjudication of dependency, we address them together.

## APPLICABLE LAW

{¶15} The Ohio Supreme Court has held that an award of temporary custody is a final, appealable order, and a parent's failure to timely appeal a judgment awarding temporary custody renders the judgment res judicata as to later proceedings:

"[A]n adjudication that a child is neglected or dependent, followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a 'final order' for purposes of R.C. 2505.02 and is appealable to the court of appeals pursuant to R.C. 2501.02." *In re Murray*, 52 Ohio St.3d 155, 161, 556 N.E.2d 1169 (1990). And "an appeal of an adjudication order of abuse, dependency, or neglect of a child and the award of temporary custody to a children services agency pursuant to R.C. 2151.353(A)(2) must be filed within 30 days of the judgment entry pursuant to App.R. 4(A)." *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 18.

The judgments granting the agency temporary custody of the children in this case were issued on March 20, 2019, for K.K. and D.T., and June 10, 2019, for M.K. Pursuant to App.R. 4(A)(1), the mother and the father had 30 days from those respective dates to file notices of appeal to challenge the juvenile court's failure to comply with the 90-day time limit in former R.C. 2151.35(B)(1). They did not.

"[U]nless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 17, citing *Tari v. State*, 117 Ohio St. 481, 494, 5 Ohio Law Abs. 830, 159 N.E. 594 (1927). "Res judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time." *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989, ¶ 3.

Because the mother and the father failed to timely appeal the judgments of temporary custody, the judgments are valid and the current challenge is barred by res judicata.

*In re K.K.,* 2022-Ohio-3888, ¶¶ 58-61.

## ANALYSIS

{¶16} Father failed to timely appeal the finding of dependency and the judgment granting temporary custody to SCJFS. Therefore, we find he is barred in the instant appeal from raising issues related to the adjudication under the doctrine of res judicata.

{¶17} We further find that even if Father had timely appealed, his arguments are without merit. Even if the trial court failed to conduct the adjudicatory hearing within sixty days as required by R.C. 2151.28, such failure does not provide a basis for attacking the validity of the order. R.C. 2151.28(K); *In re M.R.,* 2026-Ohio-187 (8th Dist.).

{¶18} R.C. 2151.04 defines a dependent child as follows:

As used in this chapter, "dependent child" means any child:

A) Who is homeless or destitute or without adequate parental care, through no fault of the child's parents, guardian, or custodian;

B) Who lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian;

(C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship[.]

{¶19} A finding of dependency does not require parental fault. Instead, the focus is on the child's condition regardless of who is the responsible party. *In re R.C.,* 2023-Ohio-146, ¶ 19 (5th Dist.). Therefore, the trial court could consider Mother's drug issues in finding the Child to be dependent.

{¶20} The first and second assignment assignments of error are overruled.

### III.

{¶21} In his third assignment of error, Father argues the trial court violated his right to counsel. We disagree.

### STANDARD OF REVIEW AND APPLICABLE LAW

{¶22} A parent is entitled to legal representation in a dependency, neglect, or abuse action. R.C. 2151.352. However, the right to counsel is not absolute, and the right to counsel can be waived. *In re S.L.,* 2010-Ohio-6380, ¶ 62 (3d Dist.). Where a parent does not provide the appellate court with a transcript of the proceeding at which counsel was waived, this Court must presume the regularity of the proceedings and that the trial court accurately reflected in its judgment entry what occurred at the hearing. *Id*. at ¶ 64.

## ANALYSIS

{¶23} Father has not provided this Court with a transcript of the proceedings below. While he has filed a document with this Court which purports to be an App.R. 9(C) statement, the statement was not settled and approved by the trial court as required by App.R. 9(C) and is therefore not properly before this Court.

{¶24} By judgment entry filed December 18, 2025, the trial court made the following findings:

On July 14, 2025, Attorney Bernard Hunt filed a Motion to Withdraw as Counsel for [Father] in part because [Father] filed pro se motions and asked the court to remove Attorney Hunt. The Motion to Withdraw was granted and Attorney Seth Arkow was appointed. On September 3, 2025 Attorney Arkow filed a Motion to Withdraw as Counsel for [Father], in part because [Father] asked Mr. Arkow to withdraw and filed pro se motions. The Motion to Withdraw was granted. A Permanent Custody hearing was scheduled for October 21, 2025 at 1:00 PM. The court appointed D. Coleman Bond to represent [Father], and continued the trial to January 8, 2026 and January 20, 2026. Attorney Bond filed a motion to withdraw, in part because [Father] does not agree with the way Attorney Bond is handling his case and because [Father] states he has named Attorney Bond in a Federal law suit. [Father] appeared today by zoom and explained he was not satisfied with counsel because they would not file the motions he wanted them to file. He wishes to represent himself and intends to file emergency motions. The court explained to [Father] that the court will not appoint a fourth attorney to represent him.

{¶25} The trial court allowed Attorney Bond to withdraw, and stated Father would represent himself going forward. In the absence of a transcript of the proceedings, we must find regularity in the trial court's finding that Father waived his right to counsel and expressed a desire to represent himself.

{¶26} The third assignment of error is overruled.

## IV.

{¶27} In his fourth assignment of error, Father argues that the judgment of the trial court granting SCJFS permanent custody is not supported by the evidence. We disagree.

### STANDARD OF REVIEW AND APPLICABLE LAW

{¶28} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates that the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long term foster care.

{¶29} Following the hearing, R.C. 2151.414(B)(1) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services

agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶30} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶31} If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, one or more of the factors enumerated in R.C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

{¶32} Because R.C. 2151.414 requires a juvenile court to find by clear and convincing evidence the statutory requirements are met, the sufficiency of-the-evidence and/or manifest-weight-of-the-evidence standards of review are the proper appellate standards of review of a juvenile court's permanent-custody determination, as appropriate depending on the nature of the arguments that are presented by the parties. *In re Z.C.*, 2023-Ohio-4703, ¶ 11. "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id*. at ¶ 7, *quoting Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶33} The second prong of the analysis requires the juvenile court to determine, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency pursuant to R.C. 2151.414(D). R.C. 2151.414(B)(1).

{¶34} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D)(1) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (a) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (b) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (c) the custodial history of the child; (d) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody; and (e) whether any of the factors in division (E)(7) to (11) of R.C. 2151.414 apply in relation to the parents and child.

## ANALYSIS

{¶35} The trial court found Father achieved only minimal compliance with the case plan. He moved to Chicago during the pendency of the case, and an ICPC could not be entered with Illinois due to Father's ongoing active warrants and his noncompliance with his case plan. The trial court found Father had not complied with the case plan enough to justify an extension of temporary custody to allow Father more time to complete the case plan. Therefore, the trial court found Father had failed to substantially remedy the conditions that cause the Child to be removed. The trial court's findings of facts support the trial court's finding the Child could not be placed with Father within a reasonable time.

{¶36} The trial court further found permanent custody to be in the best interest of the Child. The trial court recognized a bond between Father and the Child, but found permanency outweighed the severance of the bond the child shared with Father and found permanent custody to be in the best interest of the Child. The trial court found the Child was diagnosed with Autism level 2 and speech delays, and the Child was on a waiting list for occupational therapy. The Canton City Schools will review the Child for an IEP to address his anger outbursts and provide behavioral health services. The Child was thriving in his foster home, and he attends preschool daily. The trial court's findings of fact support its conclusion that permanent custody was in the best interest of the child.

{¶37} Father has not supplied this Court with a transcript of the proceedings, and as discussed earlier in this opinion, Father's App.R. 9(C) statement was not settled and approved by the trial court as required by the Rule. In the absence of a transcript, this Court must find regularity in the proceedings below and affirm. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980).

{¶38} The fourth assignment of error is overruled.

## V.

{¶39} In his fifth assignment of error, Father argues that the trial court erred in overruling his Civ.R. 60(B) motion for relief from judgment. We disagree.

### STANDARD OF REVIEW

{¶40} "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

## APPLICABLE LAW

{¶41} To succeed on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150 (1976). "If any of these three requirements is not met, the motion should be overruled." *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 20 (1988).

{¶42} Civ.R. 60(B) sets forth five reasons to support relieving a party from a final judgment:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) any other reason justifying relief from the judgment.

{¶43} The use of a Civ.R. 60(B) motion is generally reserved for issues that could not have been raised in a direct appeal. *Beyoglides v. Elmore*, 2012-Ohio-3979, ¶ 17 (2d Dist.)

("when a party merely repeats arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available"); *Key v. Mitchell,* 1998-Ohio-643 (finding that Civ.R. 60(B) relief was not available where the party's "claims could have been raised in a timely appeal" from the trial court's judgment).

## ANALYSIS

{¶44} Father filed the same Civ.R. 60(B) motion several times throughout the proceedings in the trial court and did not timely appeal any of the judgments of the trial court dismissing his motions. Further, it appears Appellant is attempting to attack the initial adjudication of the Child as dependent by way of his Civ.R. 60(B) motions. However, Civ.R. 60(B) is not a substitute for appeal, and as discussed in our disposition of Father's first and second assignments of error, Father failed to timely appeal the adjudication of the children as dependent and the resulting grant of temporary custody to SCJFS.

{¶45} We find Father's Civ.R. 60(B) motions were a substitute for an appeal and as such, the trial court did not abuse its discretion in overruling his motions without a hearing. The fifth assignment of error is overruled.

## CONCLUSION

{¶46} The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.

{¶47} Costs to Appellant.


By: Montgomery, J.

King, P.J. and

Hoffman, J. concur.